UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

                              Plaintiff,                    **REPORT AND**
                                                           **RECOMMENDATION**
              -against-                                     CV 09-3133(ADS)(ARL)

JP MORGAN CHASE BANK, N.A., et al.,

                              Defendants.
-------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

            Following the entry of default judgments, this matter was referred to the undersigned by

District Judge Spatt for a report and recommendation for an inquest into the proper relief to be

granted.  The plaintiff commenced this action under 26 U.S.C. §§ 7401, et seq., due to the

alleged federal tax liabilities of Lorraine Angrella ("Angrella"), who upon her death passed a

parcel of property to Richard Dravland ("Dravland").  The plaintiff thus seeks a tax lien on the

property, to decree a sale of the property, and to collect the unpaid balance of federal tax income

in the amount of $25,048.76 plus additional accrued interest.  Pursuant to 26 U.S.C. § 7403(b),

the complaint also named as defendants J.P. Chase Bank, N.A., American Express Travel,

Related Services, and Concord Financial Services, Inc. (collectively the "Interested Corporate

Defendants") because these entities might have interests in the property that the plaintiff seeks to

foreclose.  The complaint also named Marco and Pier D'Alessandro (the "D'Alessandros") as

additional persons who might have interests in the property.

            No defendant has appeared.[1]  On March 15, 2010, District Judge Spatt entered a default

judgment against the Interested Defendants and referred this action to the undersigned.  In

---

[1] Upon permission from the district court, Dravland was served via publication.  (*See*
Docket Entries 10-11.)

response to the undersigned's order that the plaintiff provide support for its claim of damages, the plaintiff clarified that it does not seek any damages against the Interested Defendants. On April 6, 2010, the plaintiff moved for a default against Dravland. On June 7, 2010, the plaintiff moved for a default against the D'Alessandros. The Clerk has noted Dravland's and the D'Alessandros' defaults pursuant to Federal Rule of Civil Procedure 55(a).

By virtue of the defaults, the well-pleaded allegations of the complaint are deemed admitted, except as to the amount of damages. *Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). However, "liability does not automatically attach from the well-pleaded allegations of the complaint, as it remains the court's responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (quoting *Au Bon Pain*, 653 F.2d at 65). In other words, the court must ensure that there is a basis for relief before entering judgment. *See Fustok v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989).

"It is well established that the IRS's tax calculations (including calculations of interest and penalties) are presumptively valid and create a prima facie case of liability, such that the Government is 'entitled to have the assessment reduced to judgment unless the taxpayer overcomes the presumption by the IRS that the assessment is correct.'" *United States v. Sweeny*, 418 F. Supp. 2d 492, 496 (S.D.N.Y. 2006) (quoting *United States v. Chrein*, 368 F.Supp.2d 278, 282 (S.D.N.Y. 2005)). "If a taxpayer is liable to the IRS, the Government may proceed in district court to obtain a judgment for the amount assessed against the taxpayer." *Id*. (citing 26 U.S.C. § 7402(a)). Under 26 U.S.C. § 7403, where a person has refused or neglected to pay any tax, the United States may seek to enforce a lien or subject real property to which the delinquent has any

right, title, or interest to seek the payment of such tax.   Provided that the IRS complies with notice provisions, the IRS may also seek the administrative seizure and sale of property in interest that is held by another person.  *Celauro v. U.S. I.R.S.*, 411 F. Supp. 2d 257, 264-65 (E.D.N.Y. 2006) (citing 26 U.S.C. § 6332; *Phelps v. United States*, 421 U.S. 330, 334 (1975)).

According to the complaint's well-pled allegations, which are deemed true by virtue of the defendants' defaults, the IRS determined that Angrella had a tax deficiency in the amount of $4,991 on her 1996 return.  (Compl. ¶ 13.)  The United States gave notice of the assessment and demanded payment, which was not made.  (*Id*. ¶¶ 14, 15.)  In 2000, Angrella died intestate and passed a parcel of property to Dravland, who now possesses the property's title.  (*Id*. ¶¶ 4, 12, 16, 22.)  Notices of the tax lien were filed in 2002 and 2009.  (*Id*. ¶ 19.)  Including statutory interest and penalties, the plaintiff determined that the amount owed had accrued to $25,048.76 as of July 20, 2009.  (*Id*. ¶¶ 13, 24.)  Accordingly, under 26 U.S.C. §§ 7401, et seq., and the other relevant statutory provisions, the undersigned finds that the plaintiff has met its burden in showing that it is entitled to the relief that it seeks.

## RECOMMENDATIONS

The undersigned respectfully recommends that the court find that the plaintiff has a valid federal tax lien upon Angrella's property, including the real property described in paragraph 12 of the complaint, and that the plaintiff is entitled to seek the sale of this real property to recover the owed federal tax liability.  There having been no appearance by any interested party, the undersigned further recommends that judgment be entered in favor of the plaintiff and that this case be closed.  Any objections to this Report and Recommendation must be field with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service.  Failure to file objections within this period waives the right to appeal the District Court's Order.  *See* 28 U.S.C.

§ 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
      July 6, 2010

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge