UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

                              Plaintiff,

        -against-

JP MORGAN CHASE BANK, N.A., RICHARD
DRAVLAND, AMERICAN EXPRESS TRAVEL
RELATED SERVICES COMPANY, CONCORD
FINANCIAL SERVICES, INC., MARCO
D'ALESSANDRO, PIER D'ALESSANDRO,
PEOPLE OF THE STATE OF NEW YORK,
STATE OF NEW YORK on behalf of
UNIVERSITY HOSPITAL, and JOHN DOE (a
fictitious name for the presently unknown personal
representative for the ESTATE OF LORRAINE
ANGRELLA, deceased),

                              Defendants.
----------------------------------------------------------X

**ORDER**
09-CV-3133 (ADS)(ARL)

**APPEARANCES:**

**United States Department of Justice**
Tax Division
P.O. Box 55, Ben Franklin Station
Washington, DC 20044-0055
       By: Bartholomew Cirenza, Trial Attorney

**NO APPEARANCES:**

Defendants JP Morgan Chase Bank, N.A., Richard Dravland, American Express Travel Related Services Company, Concord Financial Services, Inc., Marco D'Alessandro, Pier D'Alessandro, People of the State of New York, University Hospital, John Doe

**SPATT, District Judge.**

      This cases arises from the alleged federal tax liabilities of Lorraine Angrella

("Angrella"). Upon Angrella's death, she bequeathed a parcel of real property located at 2907

Falcon Avenue, Medford, New York, described in paragraph 12 of the complaint in this action,

(the "real property") to Richard Dravland ("Dravland"). The plaintiff, the United States of America (the "Plaintiff") commenced this action against Dravland, who possesses record title interest in the real property. This action is brought pursuant to 26 U.S.C. §§ 7401 seeking a tax lien on all of Angrella's property including the real property; to decree a sale of the real property, and to collect the unpaid balance of the federal income tax. As required by 26 U.S.C. § 7403(b), the Plaintiff also named as defendants individuals and corporations who may have liens upon or claim any interest in the real property, including: J.P. Morgan Chase Bank, N.A., American Express Travel Related Services Company, and Concord Financial Services Company (collectively "the Interested Corporate Defendants"); Marco D'Alessandro and Pier D'Alessandro (collectively "the D'Alessandro Defendants"); The People of the State of New York and the State of New York on Behalf of University Hospital (collectively "the New York Defendants"); and John Doe as a fictitious name for the presently unknown personal representative for the Estate of Lorraine Angrella, deceased (the "Angrella Estate Defendant" and together with Dravland, the Interested Corporate Defendants, the D'Alessandro Defendants, and the New York Defendants "the Defendants").

None of the Defendants appeared in this action. On February 22, 2010, the Plaintiff moved for an entry of default as to the Interested Corporate Defendants, which was noted by the Clerk of the Court on that same date. On March 12, 2010 the Court referred the default judgment against the Interested Corporate Defendants to United States Magistrate Judge Arlene R. Lindsay to determine the appropriate relief. On April 6, 2010, while this default was pending before Judge Lindsay, the Plaintiff moved for an entry of default as to Dravland, which was noted by the Clerk of the Court on April 7, 2010. In addition, on June 6, 2010, the Plaintiff

moved for an entry of default as to the D'Alessandro Defendants, which was noted by the Clerk of the Court on June 9, 2010. Neither the Dravland default nor the default of the D'Alessandro Defendants was referred to Judge Lindsay.

On July 6, 2010, Judge Lindsay issued a Report and Recommendation only as to the default of the Interested Corporate Defendants. In her Report, Judge Lindsay recommended that: (1) the Court find that the Plaintiff has a valid federal tax lien upon Angrella's property including the real property; (2) the Court find that the Plaintiff is entitled to seek the sale of the real property to recover the owed federal tax liability; (3) that judgment be entered in favor of the Plaintiff in the amount of $25,048.76 plus accrued interest since July 20, 2009; and (4) that the case be closed.

In light of the fact that the Report only addressed the default of the Interested Corporate Defendants, on February 2, 2011, this Court referred the matter back to Judge Lindsay for clarification as to whether judgment could be entered in favor of the Plaintiff and the case be closed when no default had been noted as against the New York Defendants or the Angrella Estate Defendant. In the interest of judicial economy, the Court hereby vacates its order of February 2, 2011 and now addresses the disposition of this case as against all of the Defendants.

With respect to the Interested Corporate Defendants, the time for objection to Judge Lindsay's Report has long expired. In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp.

3

2d 163, 169 (S.D.N.Y. 2003) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). The Court has reviewed Judge Lindsay's Report and finds it be persuasive and without any legal or factual errors. There being no objection to Judge Lindsay's Report, the Court adopts the Report in its entirety.

In addition, the Court notes that while defaults were entered as against Dravland and the D'Alessandro Defendants, those defaults were never referred to Judge Lindsay and therefore are not addressed in the Report. However, because the Plaintiff seeks the same relief against Dravland and the D'Alessandro Defendants as it seeks against the Interested Corporate Defendants, and because the resolution of this matter is predicated on whether the Plaintiff has complied with its requirements under the relevant Internal Revenue Code provisions, the Court holds that Judge Lindsay's findings in the Report are also applicable to Dravland and the D'Alessandro Defendants.

Finally, as to the New York Defendants and the Angrella Estate Defendant, against whom the Plaintiff never sought a default judgment, the Court dismisses the case against them pursuant to Federal Rule of Procedure 41(b), without prejudice, based on the Plaintiff's failure to prosecute.

For the foregoing reasons it is hereby,

**ORDERED**, that the Court's order of February 2, 2011 is vacated, and it is further

**ORDERED**, that Judge Lindsay's Report and Recommendation is adopted in its entirety as to the Interested Corporate Defendants, Dravland, and the D'Alessandro Defendants. The Court finds that the Plaintiff has a valid tax lien upon Angrella's property, including the real property described in paragraph 12 of the complaint, and that the Plaintiff is entitled to seek the sale of this real property to recover the owed federal tax liability, and it is further

4

**ORDERED**, that the Clerk of the Court shall enter a judgment for the Plaintiff in the total amount of $25,048.76 plus accrued interest since July 20, 2009 to be calculated by the Clerk of the Court pursuant to the applicable statutes, and it is further

**ORDERED**, that the case is dismissed without prejudice as to the New York Defendants and the Angrella Estate Defendant, and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
March 25, 2011

                */s/ Arthur D. Spatt*
                ARTHUR D. SPATT
               United States District Judge